**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| LAURA YOUNG, individually and on behalf of all others similarly situated, | Case No. 1:24-cv-07438-CPO-MJS |
| Plaintiff, | |
| vs. | Motion Date: December 2, 2024 |
| SUBARU CORPORATION, SUBARU OF AMERICA, INC., TOYOTA MOTOR CORPORATION, and TOYOTA MOTOR NORTH AMERICA, INC., | **ELECTRONICALLY FILED** |
| Defendants. | **ORAL ARGUMENT REQUESTED** |

**DEFENDANT SUBARU OF AMERICA, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS**

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ........................................................................1

ARGUMENT ..................................................................................................8

I.    SOA DID NOT DESIGN, MANUFACTURE, IMPORT, DISTRIBUTE, MARKET, ADVERTISE, SELL, OR WARRANT THE PLAINTIFF'S VEHICLE, AND THE CAC's IMPROPER "GROUP PLEADING," IN VIOLATION OF RULES 8 AND 9(b), FAILS TO STATE A VALID CLAIM AGAINST SOA ..............................................................................10

II.   PLAINTIFF'S MMWA CLAIMS FOR BREACH OF EXPRESS AND IMPLIED WARRANTY SHOULD BE DISMISSED (COUNT I) .............12

III.  PLAINTIFF'S EXPRESS WARRANTY CLAIM (COUNT V) FAILS BECAUSE SOA DID NOT ISSUE ANY SUCH EXPRESS WARRANTY FOR PLAINTIFF'S VEHICLE .............................................13

IV.   PLAINTIFF'S IMPLIED WARRANTY CLAIM AGAINST SOA SHOULD BE DISMISSED (COUNT VI) ....................................................15

V.    PLAINTIFF'S COMMON LAW AND STATUTORY FRAUD CLAIMS SHOULD BE DISMISSED (COUNTS II, IV, VII) ....................................16

      A.    SOA Had No Relationship with Plaintiff that Could Give Rise to a Common Law or Statutory Fraud Claim, Let Alone a Duty to Disclose .............................................................................17

      B.    Plaintiff's ADTPA Claim for Affirmative Misrepresentation Should Be Dismissed Against SOA ....................................................18

      C.    All Fraud Claims Should Be Dismissed Because the CAC Fails to Plead Any Facts Establishing the Required Reliance or Causation....20

      D.    The CAC's Conclusory Allegations Fail to Establish Any "Pre-Sale Knowledge" of the Alleged Defect .............................................21

      E.    Plaintiff Cannot Assert Class Action Claims Under the ADTPA.......24

VI.   ALL CLAIMS FOR EQUITABLE RELIEF (INCLUDING INJUNCTIVE RELIEF) SHOULD BE DISMISSED ..................................25

VII.   PLAINTIFF'S "NATIONWIDE" CLASS CLAIMS (COUNTS I – III)
       SHOULD BE DISMISSED OR STRICKEN FOR LACK OF
       STANDING ................................................................................................27

CONCLUSION ........................................................................................................28

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Advanced Oral Techs., L.L.C. v. Nutrex Res., Inc.*,
2011 WL 1080204 (D.N.J. Mar. 21, 2011) ........................................................9

*Amato v. Subaru of Am., Inc.*,
2019 WL 6607148 (D.N.J. Dec. 5, 2019)...........................................................15

*Argabright v. Rheem Mfg. Co.*,
201 F. Supp. 3d 578 (D.N.J. 2016).............................................................19, 27

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)..................................................................................5, 8, 9

*Baraka v. McGreevey*,
481 F.3d 187 (3d Cir. 2007) ..............................................................................8

*Bass v. Howard*,
2020 WL 1332007 (D.N.J. Mar. 23, 2020) ......................................................11

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)............................................................................................8

*Boerner v. Brown & Williamson Tobacco Co.*,
126 F. Supp. 2d 1160 (E.D. Ark. 1999).....................................................20, 21

*Brown v. Hyundai Motor Am.*,
2019 WL 4126710 (D.N.J. Aug. 30, 2019) ......................................................23

*Carfagno v. Ace, Ltd.*,
2005 WL 1523530 (D.N.J. June 28, 2005).........................................................4

*Carrier v. Bank of Am., N.A.*,
2014 WL 356219 (D.N.J. Jan. 31, 2014).............................................................5

*Cheng v. Byrd*,
2024 WL 3873945 (D.N.J. Aug. 20. 2024) ......................................................11

*City of Los Angeles v. Lyons*,
461 U.S. 95 (1983)............................................................................................26

*City of Warren Police & Fire Ret. Sys. V. Prudential Fin., Inc.*,
    70 F.4th 668 (2023) ...................................................................................18

*Clapper v. Amnesty Int'l USA*,
    568 U.S. 398 (2013)..................................................................................26

*Cohen v. Subaru of Am., Inc.*,
    2022 WL 721307 (D.N.J. Mar. 10, 2022) .....................................................2, 17

*Cole v. NIBCO, Inc.*,
    2015 WL 2414740 (D.N.J. May 20, 2015).......................................................2

*Cooper v. Samsung Elecs. Am., Inc.*,
    2008 WL 4513924 (D.N.J. Sept. 30, 2008).....................................................13

*Copeland v. US Bank*,
    2018 WL 4145900 (D.N.J. Aug. 30, 2018) .....................................................8

*Crisdon v. Bank of Am.*,
    2013 WL 2644951 (D.N.J. June 10, 2013)......................................................18

*Cummings v. FCA US, LLC*,
    401 F. Supp. 3d 288 (N.D.N.Y. 2019)...........................................................23

*Dawson v. Gen. Motors LLC*,
    2019 WL 3283046 (D.N.J. July 22, 2019) .....................................................22

*Deras v. Volkswagen Grp. of Am., Inc.*,
    2018 WL 2267448 (N.D. Cal. May 17, 2018)..................................................22

*Devane v. Church & Dwight Co.*,
    2020 WL 998946 (D.N.J. Feb. 28, 2020).......................................................26

*Dillard v. Morris Cty. Prosecutor's Office*,
    2020 WL 4932527 (D.N.J. Aug. 24, 2020) .....................................................11

*In re Effexor Antitrust Litig.*,
    357 F. Supp. 3d 363 (D.N.J. 2018)...............................................................24

*Falat v. County of Hunterdon*,
    2013 WL 1163751 (D.N.J. Mar. 19, 2013) .....................................................12

*FDIC v. Bathgate*,
  27 F.3d 850 (3d Cir. 1994) ...........................................................................9, 17

*Floyd v. Am. Honda Motor Co.*,
  966 F.3d 1027 (9th Cir. 2020) ...........................................................................12

*Flynn-Murphy v. Jaguar Land Rover N. Am., LLC*,
  2021 WL 5448716 (D.N.J. Nov. 19, 2021) .................................................14, 27

*In re Generic Pharm. Pricing Antitrust Litig.*,
  368 F. Supp. 3d 814 (E.D. Pa. 2019).................................................................24

*Girard v. Toyota Motor Sales, U.S.A., Inc.*,
  316 F. App'x. 561 (9th Cir. 2008) ......................................................................27

*Gotthelf v. Toyota Motor Sales, U.S.A., Inc.*,
  2012 WL 1574301 (D.N.J. May 3, 2012)...........................................................15

*Gray v. BMW of North America, LLC*,
  22 F. Supp. 3d 373 (D.N.J. 2014).........................................................................2

*Hickman v. Subaru of Am., Inc.*,
  2022 WL 11021043 (D.N.J. Oct. 19, 2022) .......................................................25

*J&B Tankers, Inc. v. Navistar Int'l Corp.*,
  539 F. Supp. 3d 955 (E.D. Ark. 2021)................................................................19

*Jarrett v. Panasonic Corp. of N. Am.*,
  8 F. Supp. 3d 1074 (E.D. Ark. 2013)..................................................................21

*JMAR Exp., Inc. v. Peterbilt of Memphis, Inc.*,
  2011 WL 652794 (E.D. Ark. Feb. 14, 2011)................................................14, 15

*In re Johnson & Johnson Talcum Powder*,
  903 F.3d 278 (D.N.J. 2018) ...............................................................................27

*Kanter v. Barella*,
  489 F.3d 170 (3d Cir. 2007) .............................................................................8, 9

*Kearney v. BMW AG*,
  2018 WL 4144683 (D.N.J. Aug. 29, 2018) ..........................................................8

*Kimball v. Volkswagen Grp. of Am., Inc.*,
   2023 WL 2331569 (D.N.J. Mar. 2, 2023) ..........................................................11

*In re Lipitor Antitrust Litig.*,
   336 F. Supp. 3d 395 (D.N.J. 2018) ......................................................................24

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992)..............................................................................................26

*Malleus v. George*,
   641 F.3d 560 (3d Cir. 2011) ................................................................................8

*McGill v. Lafayette Cty.*,
   2007 WL 2898543 (W.D. Ark. Sept. 28, 2007) .................................................21

*McGuire v. BMW of N. Am., LLC*,
   2014 WL 2566132 (D.N.J. June 6, 2014)............................................................28

*McNair v. Synapse Grp. Inc.*,
   672 F.3d 213 (3d Cir. 2012) ................................................................................26

*MDNet, Inc. v. Pharmacia Corp.*,
   147 F. App'x 239 (3d Cir. 2005) .........................................................................10

*In re Myford Touch Consumer Litig.*,
   2016 WL 7734558 ................................................................................................25

*Nelson v. Nissan North Am., Inc.*,
   2012 WL 3920626 (D.N.J. Sept. 7, 2012)...........................................................15

*Oliver v. Funai Corp.*,
   2015 WL 9304541 (D.N.J. Dec. 21, 2015)...........................................................24

*Paolucci v. FCA US LLC*,
   2024 WL 3355390 (D.N.J. July 9, 2024) ............................................................13

*Perez v. Volkswagen Grp. Of Am.*,
   2013 WL 685298, at *5 (W.D. Ark. Apr. 17, 2013) ...................................*passim*

*Ponzio v. Mercedes-Benz USA, LLC*,
   447 F. Supp. 3d 194 (D.N.J. 2020)......................................................................28

*Powell v. Subaru of Am., Inc.*,
    502 F. Supp. 3d 856 (D.N.J. 2020) ..................................................................13, 14

*Rains v. Jaguar Land Rover N. Am., LLC*,
    2023 WL 6234411 (D.N.J. Sept. 26, 2023) ........................................................25

*Resnick v. Hyundai Mot. Am., Inc.*,
    2016 WL 9455016 (C.D. Cal. Nov. 14, 2016) ...................................................24

*Rieger v. Volkswagen Grp. Of Am., Inc.*,
    2023 WL 3271116 (D.N.J. May 4, 2023) ...........................................................28

*Rowland v. Bissel Homecare, Inc.*,
    73 F.4th 177 (3d Cir. 2023) .................................................................................12

*Schechter v. Hyundai Motor Am.*,
    2019 WL 3416902 (D.N.J. July 29, 2019) ....................................................23, 24

*Schmidt v. Ford Motor Co.*,
    972 F. Supp. 2d 712 (E.D. Pa. 2013) ..................................................................27

*Seltzer v. I.C. Optics, Ltd.*,
    339 F. Supp. 2d 601 (D.N.J. 2004) .......................................................................4

*Shaw v. Hous. Auth. of Camden*,
    2012 WL 3283402 (D.N.J. Aug. 10, 2012) .........................................................12

*Sheeran v. Blyth Shipholding S.A.*,
    2015 WL 9048979 (D.N.J. Dec. 16, 2015) ..........................................................11

*Siqueiros v. Gen. Motors LLC*,
    2021 WL 2115400 (N.D. Cal. May 25, 2021) .....................................................18

*Sloan v. GM LLC*,
    2017 WL 3283998 (N.D. Cal. Aug. 1, 2017) ......................................................22

*Sonner v. Premier Nutrition Corp.*,
    971 F.3d 834 (9th Cir. 2020) ........................................................................25, 26

*Stewart Title Guar. Co. v. Law Offices of David Fleischmann*,
    2023 WL 3168320 (D.N.J. Apr. 28, 2023) .........................................................17

*In re Subaru Battery Drain Prod. Liab. Litig.*,
2021 WL 1207791 (D.N.J. Mar. 31, 2021) ......................................................25

*Tatum v. Chrysler Grp. LLC*,
2011 WL 1253847 (D.N.J. Mar. 28, 2011) ......................................................19

*Tatum v. Chrysler Grp., LLC*,
2012 WL 6026868 (D.N.J. Dec. 3, 2012)..........................................................13

*Tawil v. Illinois Tool Works, Inc.*,
2016 WL 4260791 (D.N.J. Aug. 11, 2016) ......................................................27

*Taylor v. N.J.*,
2014 WL 4215440 (D.N.J. Aug. 25, 2014) ......................................................14

*TransUnion LLC v. Ramirez*,
141 S. Ct. 2190 (2021)......................................................................................26

*Trustees of United Food & Com. Workers Union v. Consulate Health
Care, LLC*,
2024 WL 1827745 (D.N.J. Apr. 26, 2024)..........................................................9

*UBI Telecom Inc. v. KDDI Am., Inc.*,
2014 WL 2965705 (D.N.J. June 30, 2014)..........................................................2

*Weske v. Samsung Elec. Am., Inc.*,
42 F. Supp. 3d 599 (D.N.J. 2014).....................................................................21

*Whitaker v. Herr Foods, Inc.*,
198 F. Supp. 3d 476 (E.D. Pa. 2016).................................................................26

*White v. Volkswagen Grp. Of Am.*,
2013 WL 685298 (W.D. Ark. Feb. 25, 2013) .............................................*passim*

*Williams v. Mozark Fire Extinguisher Co.*,
888 S.W.2d 303 (Ark. 1994) .............................................................................15

*Wyeth v. Ranbaxy Labs., Ltd.*,
448 F. Supp. 2d 607 (D.N.J. 2006).....................................................................8

## Statutes and Other Authorities

15 U.S.C. § 2310(d)(3)(C) .......................................................................................12

Ark. Code Ann. § 4-2-314 ............................................................................15

Ark. Code Ann. § 4-2-316 ............................................................................16

Ark. Code Ann. § 4-88-113 .....................................................................20, 24

Fed. R. Civ. P. 8 ................................................................................*passim*

Fed. R. Civ. P. 12(b)(1) ..................................................................................1

Fed. R. Civ. P. 12(b)(6) ..................................................................................1

Fed. R. Civ. 9(b) ...............................................................................*passim*

Defendant Subaru of America, Inc. ("SOA") respectfully submits this Memorandum of Law in Support of its Motion to Dismiss the Class Action Complaint ("CAC") pursuant to Fed. R. Civ. P. 12(b)(6), 9(b) and 12(b)(1).

## PRELIMINARY STATEMENT

In this putative class action, Plaintiff Laura Young, an Arkansas resident, alleges that on October 11, 2021, she purchased a used 2019 Toyota 86 from Autowerks of NWA, an independent used car dealer in Bentonville, Arkansas (CAC ¶ 15). She alleges that on April 15, 2023, after the Toyota 5-year/60,000-mile limited written Powertrain Warranty had expired, her vehicle allegedly experienced engine failure (CAC ¶¶ 20-21, 145). In June 2023, she allegedly brought her vehicle to an independent mechanic, was charged $548.75 for a diagnosis, and was allegedly told that the engine failed due to "oil starvation, loss of the oil film and excessive wear" (*Id.*). She does not claim to have ever had her vehicle repaired. Plaintiff claims that her Toyota vehicle, and all putative class vehicles, contain a purported "engine defect" due to low oil viscosity, lack of oil return pumps, and use of RTV sealant allegedly prone to fracturing and clogging oil passages (*Id.* ¶¶ 71-81).

Plaintiff purports to sue individually, and on behalf of a putative class of all U.S. purchasers and lessees of certain 2013-2023 Toyota, Scion and Subaru vehicles (CAC ¶¶ 3, 60, 70). Despite the fact that these are separate and distinct vehicle brands, Plaintiff claims in conclusory fashion – and merely "upon information and

1

belief" – that Plaintiff's and the putative class vehicles were produced in Japan and sold in the United States as a result of a joint venture among the Defendants. In doing so, she lumps these separate brands together in impermissible "group pleading" fashion, failing to plead which particular Defendants, if any, were parties to the alleged joint venture. The CAC asserts claims for alleged economic loss and equitable relief sounding in breach of express and implied warranty under the Magnuson-Moss Warranty Act ("MMWA") (Count I); common law fraudulent concealment/omission (Counts II and VII); unjust enrichment (Counts III and X); violation of the Arkansas Unfair and Deceptive Trade Practices Act ("ADTPA") (Count IV); breach of express warranty (Count V); and breach of implied warranty of merchantability (Count VI).[1]

The CAC admits that SOA, a New Jersey corporation, is a United States distributor and marketer of "*Subaru*" vehicles (CAC ¶ 28). Other than the improper

---

[1] Due to an apparent numbering error, the CAC contains no Count VIII or IX. Other than Counts I-III of the CAC, the CAC expressly asserts all claims under the law of Arkansas, the state in which Plaintiff both resides and purchased her vehicle. Accordingly, this motion follows the CAC in addressing the state laws under which Plaintiffs have asserted their claims. *Cole v. NIBCO, Inc.*, 2015 WL 2414740, at *5 (D.N.J. May 20, 2015); *UBI Telecom Inc. v. KDDI Am., Inc.*, 2014 WL 2965705, at *9 (D.N.J. June 30, 2014). And while Counts I-III do not specifically allege the applicable law, Arkansas law applies to Plaintiff's individual claims there as well. *Cohen v. Subaru of Am., Inc.*, 2022 WL 721307, at *10, *16 (D.N.J. Mar. 10, 2022) (In similar automotive putative class action, applicable law is the law of the state where plaintiff resided and purchased subject vehicle); *Gray v. BMW of North America, LLC*, 22 F. Supp. 3d 373, 381 (D.N.J. 2014) (same).

group pleading, there is no allegation that SOA designed, manufactured, tested, distributed, imported, marketed, advertised, sold, or warranted any Toyota vehicles, including the Plaintiff's vehicle, or that SOA itself was a party to the alleged joint venture. In fact, SOA had no such roles with respect to Plaintiff's vehicle. As confirmed in the accompanying Declaration of John Gray ("Gray Dec."): (i) SOA did not design, manufacture, test, import, distribute, market, advertise, or sell Plaintiff's Toyota vehicle or any Toyota or Scion vehicle, (ii) SOA did not issue, and is not a party to, any written consumer warranty relating to Plaintiff's vehicle, (iii) SOA has no relationship whatsoever with Autowerks of NWA, the used car entity in Arkansas that alleged sold Plaintiff her vehicle, and (iv) SOA was not a party to any joint venture concerning Plaintiff's vehicle or any of the putative class vehicles (Gray Dec. ¶¶ 4-8).

Indeed, the CAC pleads no facts establishing otherwise, which was essential in order to state any valid claim against SOA. Instead, the CAC consists primarily of conclusory and improperly "group pleaded" allegations against the four separate and distinct Defendants collectively, lumping them all together without differentiating among them and properly pleading what, if any, role any particular Defendant had with respect to Plaintiff's vehicle, and what acts and/or omissions any Defendant is alleged to have committed with respect to Plaintiff or her vehicle (see, e.g., CAC ¶¶ 6-12, 52-53, 61, 90-104, 113-17, 124-125, 156-67, 174, 180-288).

For example, the CAC improperly lumps together Subaru Corporation with SOA, two separate and distinct Japanese and U.S. entities respectively, under the collective term "Subaru" (CAC p. 1),[2] then lumps together Toyota Motor Corporation with Toyota Motors North America ("TMNA"), also separate and distinct Japanese and U.S. entities respectively, under the collective term "Toyota" (*id.*). It then claims, in conclusory fashion – and merely "upon information and belief" – that Plaintiff's vehicle and the putative class vehicles were the result of a joint venture between "Toyota" and "Subaru" without pleading which of the Defendants, if any, entered into any such joint venture (CAC ¶¶ 54-61).

The CAC then proceeds to improperly lump all Defendants together and group plead virtually all of its material allegations and claims against "Defendants" collectively, claiming in conclusory fashion that all Defendants "together" designed, manufactured, distributed, marketed, sold, and warranted Plaintiff's Toyota vehicle (CAC ¶ 61); that SOA is the purported "agent" of Subaru Corporation;[3] and that all

---

[2] For example, the CAC alleges that Subaru Corp., a manufacturer of Subaru vehicles, is a Japanese corporation with its principal place of business in Tokyo, Japan (CAC ¶ 25), and SOA, a distributor of Subaru vehicles in the United States, is a New Jersey corporation with its principle place of business in Camden, New Jersey (¶ 27).

[3] Indeed, the CAC pleads no facts establishing the existence and legal requisites of any such "agency" relationship such as, *inter alia*, shared officers and directors, complete financial dependence, and complete domination and control over the purported agent's management, personnel, and operations. *Carfagno v. Ace, Ltd.*, 2005 WL 1523530, at *6 (D.N.J. June 28, 2005); *Seltzer v. I.C. Optics, Ltd.*, 339 F.

Defendants purportedly committed all of the CAC's alleged acts and omissions including those underlying the common law and statutory fraud claims. But as shown *infra*, this blatant improper "group pleading" of the Defendants violates Rule 8, and especially violates Rule 9(b), which required that the acts and omissions underlying all fraud-based claims be plead with factual particularity as to each Defendant.

As demonstrated below, the CAC should be dismissed against SOA for the following reasons:

(1) SOA did not design, manufacture, test, import, distribute, market, advertise, sell, or issue any written consumer warranties concerning Plaintiff's Toyota vehicle, and the CAC's conclusory impermissible "group pleading" of the Defendants fails to establish otherwise. In fact, because Plaintiff's violation of Rules 8 and 9(b) so permeates all of her allegations and claims, including the fraud claims, the CAC should be dismissed against SOA in its entirely (Point I, *infra*).

(2) Plaintiff's Magnuson-Moss Warranty Act ("MMWA") claims for breach of express and implied warranty should be dismissed (i) for lack of subject matter jurisdiction because the MMWA specifically requires 100 or more named Plaintiffs

---

Supp. 2d 601, 609-10 (D.N.J. 2004). No such facts have been plead. *Carrier v. Bank of Am., N.A.*, 2014 WL 356219, at * 5 (D.N.J. Jan. 31, 2014) (bare legal conclusions that a party acted as the "agent" of another, without factual allegations in support, is insufficient under *Iqbal* to allege an agency relationship).

for any class action brought in federal court, and (ii) because the MMWA is derivative of state warranty law and Plaintiff's express and implied warranty claims fail under applicable state law (Point II).

(3) Plaintiff's breach of express warranty claim should be dismissed against SOA because (i) SOA did not issue, and is not a party to, any written consumer warranty relating to Plaintiff's vehicle, and (ii) even the written warranty by a Toyota entity, as alleged in the CAC, had already expired when Plaintiff claims to have experienced her engine issue (Point III).

(4) Plaintiff's breach of implied warranty claim should be dismissed because (i) SOA did not manufacture, distribute or sell Plaintiff's vehicle, and thus provided no implied warranty as a matter of law, and (ii) in any event, TMNA's alleged written warranty limits any implied warranty to the duration of the express warranty which already expired as stated above (Point IV).

(5) Plaintiff's common law and statutory fraud claims fail for numerous independent reasons including: (i) there is no relationship between SOA and Plaintiff that could give rise to any fraud-based claims, let alone the fiduciary or special relationship that is required for a duty to disclose under Arkansas law; (ii) the CAC fails to plead any actionable affirmative misrepresentation made by SOA; (iii) the CAC fails to establish the required reliance or causation with respect to any alleged misrepresentation or omission; (iv) the CAC fails to establish the requirement of pre-

6

sale knowledge as to SOA; and (v) the ADTPA bars Plaintiff from pursuing such claims on a class basis (Point V).

(6) Plaintiff's claims for equitable relief (including injunctive relief and unjust enrichment) all fail because the CAC does not even allege the absence of any adequate alternative remedy at law which is required for all equitable relief claims (Point VI).

(7) There is no Article III standing for injunctive relief because the CAC alleges only a past injury and fails to establish any impending, concrete and particularized future injury which is required for injunctive relief.

(8) Plaintiff's unjust enrichment claim also fails because the CAC does not establish that Plaintiff's purchase of her Toyota vehicle from an independent used car dealer in Arkansas conferred any direct benefit upon SOA, which is required under Arkansas law, and the claim is premised upon the same fatally deficient fraud allegations (Point VI).

(9) Plaintiff, who resides and purchased her vehicle in Arkansas, lacks Article III standing to assert "nationwide" class claims on behalf of unnamed putative class members who purchased or leased their vehicles in states other than Arkansas, where she suffered no injury (Point VII).

## **ARGUMENT**

To survive a motion to dismiss, a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). A claim has "facial plausibility" only when the plaintiff pleads facts, not conclusory allegations, which "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In other words, the factual allegations must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In this regard, the "formulaic recitation of the elements of a cause of action" without supporting facts is not sufficient to meet this standard. *Copeland v. US Bank*, 2018 WL 4145900, at *2 (D.N.J. Aug. 30, 2018); *see Kearney v. BMW AG*, 2018 WL 4144683, at *4 (D.N.J. Aug. 29, 2018). The Court need not accept "unsupported conclusions and unwarranted inferences," *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (citation omitted), and "[l]egal conclusions made in the guise of factual allegations . . . are given no presumption of truthfulness." *Wyeth v. Ranbaxy Labs., Ltd.*, 448 F. Supp. 2d 607, 609 (D.N.J. 2006); *see also Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007) ("[A] court need not credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to

8

dismiss"); *accord Iqbal*, 556 U.S. at 678–80 (finding that pleadings that are no more than conclusions are not entitled to the assumption of truth).

This is especially so regarding allegations merely plead "upon information and belief." *Trustees of United Food & Com. Workers Union v. Consulate Health Care, LLC*, 2024 WL 1827745, at *7 (D.N.J. Apr. 26, 2024) ("Adding the language 'upon information and belief' before" unsupported and speculative allegations "does not make them so"); *Advanced Oral Techs., L.L.C. v. Nutrex Res., Inc.*, 2011 WL 1080204, at *4 (D.N.J. Mar. 21, 2011) ("Allegations made upon information and belief—which are little more than conjecture and wishful thinking—have little hope of salvaging an otherwise defective complaint").

Finally, all of Plaintiff's fraud-based claims, including those alleged under common law and the Arkansas consumer fraud statute, are subject to the heightened pleading specificity requirements of Rule 9(b).  *See*, *e.g.*, *FDIC v. Bathgate*, 27 F.3d 850, 876 (3d Cir. 1994) (common law and statutory fraud claims subject to "particularity requirement" of Rule 9(b)); *Kanter*, 489 F.3d at 175 (Rule 9(b) requires plaintiffs to plead with particularity the "who, what, when, where, and how of the events at issue" that are claimed to constitute the fraudulent misrepresentations and/or omissions).

## I.    SOA DID NOT DESIGN, MANUFACTURE, IMPORT, DISTRIBUTE, MARKET, ADVERTISE, SELL, OR WARRANT THE PLAINTIFF'S VEHICLE, AND THE CAC'S IMPROPER "GROUP PLEADING," IN VIOLATION OF RULES 8 AND 9(b), FAILS TO STATE A VALID CLAIM AGAINST SOA

As discussed *supra*, SOA (i) did not design, manufacture, test, import, distribute, market, advertise, or sell Plaintiff's 2019 Toyota 86 vehicle or any Toyota or Scion vehicles, (ii) did not issue, and was not a party to, any written consumer warranties relating to Plaintiff's vehicle, (iii) was not a party to any joint venture relating to Plaintiff's vehicle or any Toyota or Scion vehicles, and (iv) did not have any relationship with Autowerks of NWA, the Arkansas independent used car dealer from which Plaintiff purchased her used vehicle (Gray Dec. ¶¶ 4-8).

The CAC's conclusory and impermissible "group pleading" of all Defendants, which squarely violates Rules 8 and 9(b), fails to establish that SOA had any such role(s) with respect to Plaintiff's vehicle. As such, the CAC should be dismissed as against SOA.

Moreover, because Plaintiff's improper group pleading so glaringly and pervasively permeates all of her allegations and claims, including the fraud claims which were required to be plead with factual particularity as to each Defendant, the CAC should be dismissed against SOA. *MDNet, Inc. v. Pharmacia Corp.*, 147 F. App'x 239, 245 (3d Cir. 2005) ("When multiple defendants are involved, the complaint must plead with particularity by specifying the allegations of fraud

applying to each defendant") (citation omitted); *Cheng v. Byrd*, 2024 WL 3873945, at *2 (D.N.J. Aug. 20. 2024) (O'Hearn, J.) (dismissing complaint or failure to comply with Rule 8, holding that "[t]he primary flaw…is that it often alleges that all of the Defendants acted in unison, without delineating the actions of each Defendant, or explaining under what circumstances they acted or failed to act"); *Sheeran v. Blyth Shipholding S.A.*, 2015 WL 9048979, at *3 (D.N.J. Dec. 16, 2015) (citing *Ingris v. Borough of Caldwell*, 2015 WL 3613499, at *5 (D.N.J. June 9, 2015) ("Courts in this district generally agree that this type of 'group pleading' does not satisfy Rule 8, because it does not place Defendants on notice of the claims against each of them"); *Kimball v. Volkswagen Grp. of Am., Inc.*, 2023 WL 2331569, at *8 (D.N.J. Mar. 2, 2023) (dismissing complaint for impermissible group pleading in which "Plaintiff asserts claims collectively against Defendants and fails to specify the actual involvement of any Defendant individually") (citing *D'Addario v. Johnson & Johnson*, 2020 WL 3546750, at *6 (D.N.J. June 30, 2020) (dismissing action because "Plaintiffs' Complaint broadly alleges Defendants' misconduct but fails to allege the conduct for which each defendant is culpable"); *Dillard v. Morris Cty. Prosecutor's Office*, 2020 WL 4932527, at *3 (D.N.J. Aug. 24, 2020) (dismissing complaint because it asserted claims against individual defendants "collectively without specifying what each Individual Defendant is alleged to have done"); *Bass v. Howard*, 2020 WL 1332007, at *4 (D.N.J. Mar. 23, 2020) ("conclusory allegations

11

against defendants as a group" which "fail to allege the personal involvement of any defendant" are insufficient to survive a motion to dismiss) (quoting *Galicki v. New Jersey*, 2015 WL 3970297, at *2 (D.N.J. June 29, 2015)); *Falat v. County of Hunterdon*, 2013 WL 1163751, at *3 (D.N.J. Mar. 19, 2013) (same); *Shaw v. Hous. Auth. of Camden*, 2012 WL 3283402, at *2 (D.N.J. Aug. 10, 2012) (same; "Even under the most liberal notice pleading requirements of Rule 8(a), a plaintiff must differentiate between defendants").

## II.    PLAINTIFF'S MMWA CLAIMS FOR BREACH OF EXPRESS AND IMPLIED WARRANTY SHOULD BE DISMISSED (COUNT I)

The Court lacks subject matter jurisdiction over Plaintiff's express and implied warranty claims under the Magnuson-Moss Warranty Act ("MMWA"). The MMWA provides that "[n]o claim shall be cognizable" in federal court "if the action is brought as a class action, and the number of named plaintiffs is less than one hundred." 15 U.S.C. § 2310(d)(3)(C). The Third Circuit recently confirmed that the MMWA's 100-plaintiff jurisdictional requirement is controlling, notwithstanding that subject matter jurisdiction over non-MMWA class claims might otherwise be available under the Class Action Fairness Act ("CAFA"). *Rowland v. Bissel Homecare, Inc.*, 73 F.4th 177, 183 (3d Cir. 2023) ("CAFA does not provide a basis for federal jurisdiction over MMWA class actions that do not satisfy the MMWA's jurisdictional requirements"); *see also Floyd v. Am. Honda Motor Co.*, 966 F.3d 1027, 1035 (9th Cir. 2020) (affirming dismissal of MMWA claim, holding that

CAFA jurisdiction does not eradicate the MMWA's substantive requirement of at least 100 plaintiffs for a class action); *Powell v. Subaru of Am., Inc.*, 502 F. Supp. 3d 856, 884-85 (D.N.J. 2020) (dismissing MMWA claims for failure to have 100 or more named plaintiffs); *Paolucci v. FCA US LLC*, 2024 WL 3355390, at *4 (D.N.J. July 9, 2024).

Since this putative class action has only one named Plaintiff, the MMWA claims for express and implied warranty should be dismissed.

In addition, the MMWA express and implied warranty claims are entirely derivative of state warranty law, *Tatum v. Chrysler Grp., LLC*, 2012 WL 6026868, at *8 (D.N.J. Dec. 3, 2012); *Cooper v. Samsung Elecs. Am., Inc.*, 2008 WL 4513924, at *6 (D.N.J. Sept. 30, 2008), and fail against SOA for the reasons discussed below.

## III.    PLAINTIFF'S EXPRESS WARRANTY CLAIM (COUNT V) FAILS BECAUSE SOA DID NOT ISSUE ANY SUCH EXPRESS WARRANTY FOR PLAINTIFF'S VEHICLE

Count V vaguely alleges that "Defendants" breached the express written Limited Warranty applicable to Plaintiff's Toyota 86 vehicle, by "failing to timely and adequately repair" the alleged defect (CAC ¶¶ 239-241). However, the limited warranty Plaintiff identifies was issued by a non-party entity named "Toyota Motor Sales, Inc." (CAC ¶145). Critically, aside from its improper group pleading, the CAC does not allege that SOA in particular issued any express warranty for

Plaintiff's vehicle, and in fact, SOA neither issued, nor was a party to, any written consumer warranty regarding Plaintiff's vehicle (Gray Dec. ¶ 6).

"It is settled law that non-parties to a contract cannot be held liable for a breach of that agreement." *Taylor v. N.J.*, 2014 WL 4215440, at *10 (D.N.J. Aug. 25, 2014); *see also Powell v. Subaru of Am., Inc.*, 502 F. Supp. 3d 856, 882 (D.N.J. 2020) (dismissing breach of express warranty claims against Subaru Corp. because it was not a party to the warranty at issue, since the law cannot "render [a party] liable for a breach of [an express warranty] that they did not sign and are not referenced in") *JMAR Exp., Inc. v. Peterbilt of Memphis, Inc.*, 2011 WL 652794, at *2-3 (E.D. Ark. Feb. 14, 2011) (applying Arkansas law, dismissing express warranty claims against defendant who was not a party to the warranty). Accordingly, Plaintiff's express warranty claim against SOA should be dismissed.

In addition, as we believe TMNA's motion to dismiss is asserting, Plaintiff's express warranty claim fails for numerous other reasons including, but not limited to, the basic fact that Plaintiff's alleged engine issue did not occur until after her vehicle's Toyota limited warranty had already expired, *Flynn-Murphy v. Jaguar Land Rover N. Am., LLC,* 2021 WL 5448716, at *3 (D.N.J. Nov. 19, 2021) (dismissing express warranty claim because "there was no 'presentment for service' for the turbochargers during the warranty periods, as required by the Limited Warranty"), and in addition, the applicable pre-suit notice requirements were not

14

satisfied (*Williams v. Mozark Fire Extinguisher Co.*, 888 S.W.2d 303, 305 (Ark. 1994)).

Finally, since the express warranty for Plaintiff's vehicle was from a Toyota entity and not SOA, we respectfully defer to TMNA's arguments regarding Plaintiff's vague and conclusory allegations that the Toyota warranty is "unconscionable," and note that similar allegations have routinely been rejected. *Amato v. Subaru of Am., Inc.*, 2019 WL 6607148, at *9 (D.N.J. Dec. 5, 2019); *Nelson v. Nissan North Am., Inc.*, 2012 WL 3920626, *5 (D.N.J. Sept. 7, 2012) ("First, there is nothing substantively unconscionable or unreasonable about a 5 year/60,000 mile warranty."); *Gotthelf v. Toyota Motor Sales, U.S.A., Inc.*, 2012 WL 1574301 (D.N.J. May 3, 2012) (three-year/36,000 mile warranty not unconscionable); *White* (2013 WL 685298, at *4-5) and *Perez* (2013 WL 1661434, at *5) (dismissing warranty claims and rejecting similar unconscionability allegations under Arkansas law).

## IV.   PLAINTIFF'S IMPLIED WARRANTY CLAIM AGAINST SOA SHOULD BE DISMISSED (COUNT VI)

Count VI asserts a claim for breach of the implied warranty of merchantability against "all Defendants" collectively under Arkansas Code § 4-2-314 (CAC ¶¶ 251-64). Again, this claim should be dismissed because SOA did not manufacture, distribute, or sell Plaintiff's Toyota vehicle, and under Arkansas law, implied warranty claims may be asserted only against a "seller or manufacturer" of the subject product. *JMAR*, *supra,* 2011 WL 652794, at *2-3 (dismissing implied

15

warranty claims because the plain terms of the Arkansas implied warranty statute "do not extend to" a party which is "not a seller or manufacturer").

In addition, even the Toyota warranty alleged in the CAC specifically provides that any implied warranty of merchantability is limited to the duration of its express warranty, which period expired before Plaintiff allegedly experienced her claimed engine problem after approximately 64,000 miles of use. CAC ¶ 20; Ark. Code Ann. § 4-2-316; *White v. Volkswagen Grp. Of Am.*, 2013 WL 685298, at *5 (W.D. Ark. Feb. 25, 2013) and *Perez v. Volkswagen Grp. Of Am.*, 2013 WL 685298, at *5 (W.D. Ark. Apr. 17, 2013) (dismissing implied warranty claims under similar circumstances).

Finally, Plaintiff has failed to plead facts establishing even that her Toyota vehicle was unmerchantable (*e.g.*, because (i) Plaintiff's vehicle operated for over 64,000 miles without issue prior to experiencing the single alleged malfunction, (ii) Plaintiff never bothered to have her vehicle repaired, (iii) Plaintiff does not and cannot allege that her vehicle would not be fully functional after any such repair, and (iv) Plaintiff has thus failed to establish that her vehicle was not fit for the ordinary purpose of driving).

## V.    PLAINTIFF'S COMMON LAW AND STATUTORY FRAUD CLAIMS SHOULD BE DISMISSED (COUNTS II, IV, VII)

Plaintiff asserts statutory claims of fraudulent misrepresentation and omission under the ADTPA (Count IV), and a common law claim of fraudulent omission

16

(Counts II, VII). However, the SAC fails to plead facts establishing the essential elements of those claims against SOA even under Rule 8, much less under the heightened pleading requirements of Rule 9(b), which governs those claims.[4]

### A. SOA Had No Relationship with Plaintiff that Could Give Rise to a Common Law or Statutory Fraud Claim, Let Alone a Duty to Disclose

At the outset, since SOA did not design, manufacture, test, import, distribute, market, advertise, or sell the Plaintiff's Toyota vehicle, it cannot be subject to Plaintiff's common law and statutory affirmative misrepresentation and fraud by omission claims. *Stewart Title Guar. Co. v. Law Offices of David Fleischmann*, 2023 WL 3168320, at *4-5 (D.N.J. Apr. 28, 2023) (dismissing fraud claims in the absence of any relationship between plaintiff and defendant or statements directed to plaintiff).

Indeed, there can be no common law or statutory omission claim in the absence of a legal duty to disclose, which, under Arkansas law, exists "only when there is an established relationship between the parties, such as a contractual relationship or a fiduciary relationship." *White v. Volkswagen Grp. Of Am.*, 2013 WL 685298, at *9 (W.D. Ark. Feb. 25, 2013) (dismissing ADTPA omission claims because defendant did not sell the vehicle to Plaintiffs and had "no privity of

---

[4] Rule 9(b) applies both to Plaintiff's common law and statutory (ADTPA) fraud-based claims. *FDIC v. Bathgate*, 27 F.3d 850, 876 (3d Cir. 1994); *Cohen*, 2022 WL 721307, at *17; *White*, 2013 WL 685298, at *7; *Perez*, 2013 WL 1661434, at *8.

17

contract…and no confidential or fiduciary relationship" with Plaintiff); *Perez*, 2013 WL 1661434, at *5 (same; "[w]ithout any basis for imposing on Defendant a duty to disclose any alleged defect to Perez, no fraudulent omissions or fraudulent concealment occurred"); *Siqueiros v. Gen. Motors LLC*, 2021 WL 2115400, at *5-6 (N.D. Cal. May 25, 2021) (dismissing ADTPA and common law fraudulent omission claims under Arkansas law for same reasons).

### B. Plaintiff's ADTPA Claim for Affirmative Misrepresentation Should Be Dismissed Against SOA

For similar reasons, Plaintiff has failed to establish any affirmative misrepresentation claim against SOA under the ADTPA (CAC ¶ 229). Despite her conclusory "group pleading" allegations that all "Defendants" purportedly advertised the putative class vehicles as "safe," "reliable," "durable," and "capable" (CAC ¶¶ 114-15, 117), Plaintiff fails to allege any facts, much less the required particularized facts under Rule 9(b), establishing that SOA advertised or made any representation whatsoever about *her* vehicle or any Toyota or Scion vehicles, let alone that it made a misrepresentation.[5] *Crisdon v. Bank of Am.*, 2013 WL 2644951, at *2 (D.N.J. June 10, 2013) (Rule 9(b) requires that the "who, what, when, where, and how" of the alleged fraud be plead with particularity); *City of Warren Police &*

---

[5] The CAC's two cited advertisements relating to Plaintiff's 2019 Toyota 86 are not even alleged to have been disseminated by SOA (CAC ¶¶ 118-19). And the only other cited advertisement relates to a different vehicle (CAC ¶ 121).

*Fire Ret. Sys. v. Prudential Fin., Inc.*, 70 F.4th 668, 680 (2023) (same); *Perez*, 2013 WL 1661434, at *9 and *White*, 2013 WL 685298, at *8 (holding that allegations of "general advertising" concerning "superior quality, design, and reliability do not meet Rule 9(b)'s requirements for pleading fraud with particularity").

Moreover, SOA did not, in fact, market or advertise Plaintiff's vehicle or any Toyota or Scion vehicle (Gray Dec. ¶ 5), and in any event, all of Plaintiff's generalized and conclusory allegations regarding advertising amount to non-actionable commercial "puffery." *J&B Tankers, Inc. v. Navistar Int'l Corp.*, 539 F. Supp. 3d 955, 963-64 (E.D. Ark. 2021) (dismissing ADTPA claims; statements that vehicle was "time-tested" and built on a "rock-solid" platform that ensured "legendary reliability" constituted puffery, as "an expression of opinion, not a factual representation about the characteristics or benefits of goods"); *Argabright v. Rheem Mfg. Co.*, 201 F. Supp. 3d 578, 608 (D.N.J. 2016) (dismissing misrepresentation claim because advertising statements such as "top-quality" and "dependable" constitute non-actionable puffery); *Tatum v. Chrysler Grp. LLC*, 2011 WL 1253847, at *4-5 (D.N.J. Mar. 28, 2011) (same; statements that vehicles was "reliable, durable car . . . amounted to nothing more than non-actionable hyperbole or puffery").

**C.      All Fraud Claims Should Be Dismissed Because the CAC Fails to Plead Any Facts Establishing the Required Reliance or Causation**

Under Arkansas law, "[r]eliance is an essential element of both affirmative fraud and fraudulent concealment," as is "resulting damage to the plaintiff" (causation). *Boerner v. Brown & Williamson Tobacco Co.*, 126 F. Supp. 2d 1160, 1168-69 (E.D. Ark. 1999). These same requirements are expressly incorporated into the ADTPA. Ark. Code. Ann. § 4-88-113(f)(2) (requiring a plaintiff to "prove individually that he or she suffered an actual financial loss proximately caused by his or her reliance").

The CAC fails to plead facts establishing that Plaintiff viewed or heard any actionable misrepresentation by SOA at all, let alone that she relied on them in deciding to purchase her vehicle. *Id*.; *Perez*, 2013 WL 1661434, at *8 ("[A]t no point in the Complaint does Perez specify what false representations were affirmatively made to her by Defendant, nor does she state that she relied on particular false representations *in making the decision to purchase her vehicles.* This pleading failure renders Perez's ADTPA claims subject to dismissal") (emphasis in original).

Nor does Plaintiff establish reliance or causation regarding any alleged omission, since she fails to plead any facts at all – let alone the detailed facts required by Rule 9(b) – establishing that prior to purchasing her vehicle she viewed or heard anything from SOA that allegedly should have contained the information she claims

20

to have been concealed. *McGill v. Lafayette Cty.*, 2007 WL 2898543, at \*2 (W.D. Ark. Sept. 28, 2007) (identifying reliance and resulting damage as elements of fraudulent concealment under AR law) (citing *Tyson Foods v. Davis*, 66 S.W.3d 568 (Ark. 2002)); *Weske v. Samsung Elec. Am., Inc.*, 42 F. Supp. 3d 599, 607-08 (D.N.J. 2014) (dismissing claims for fraudulent concealment/non-disclosure where plaintiff made "no allegation that they 'actually received' communications" from defendant).

### D.    The CAC's Conclusory Allegations Fail to Establish Any "Pre-Sale Knowledge" of the Alleged Defect

To adequately plead a common law or statutory fraud by omission claim, Plaintiff was required to plead facts (not mere conclusions) establishing that SOA had knowledge of the alleged defect prior to the time that the subject vehicle was sold. *Jarrett v. Panasonic Corp. of N. Am.*, 8 F. Supp. 3d 1074, 1085 (E.D. Ark. 2013) (citing *Moulton v. LG Elec. USA, Inc.*, 2012 WL 3598760, at \*3 (D.N.J. Aug. 21, 2012)); *Boerner*, 126 F. Supp. 2d at 1168.

Here, as shown *supra*, since SOA did not design, manufacture, test, import, distribute, market, advertise, or sell Plaintiff's vehicle, it cannot be subject to Plaintiff's common law or statutory fraud claims. However, standing alone, the CAC's allegations are nevertheless insufficient to establish "pre-sale knowledge" of the alleged defect by anyone, let alone SOA.

First, although Plaintiff claims pre-sale knowledge based upon 64 alleged anonymous third-party consumer complaints to NHTSA (CAC ¶ 105), ***none*** of those

complaints involves ***any*** vehicle manufactured from model years 2015 through 2021, including Plaintiff's 2019 Toyota 86. Moreover, 50 of those complaints (43 concerning the 2013 Scion FR-S, and 7 concerning the 2013 Subaru BRZ) relate to repairs allegedly made under a prior valve spring recall which, likewise, did not involve Plaintiff's vehicle and which is otherwise unrelated to the allegations in this case (CAC ¶ 105; Gray Dec. ¶ 9, Ex. A).

And even if the pre-sale NHTSA complaints had involved Plaintiff's model vehicle, that would still be insufficient to establish pre-sale knowledge of an alleged design defect claimed by Plaintiff to exist in "tens of thousands" of putative class vehicles (CAC ¶ 173). *Sloan v. GM LLC*, 2017 WL 3283998, at *7 (N.D. Cal. Aug. 1, 2017) (finding that "81 complaints posted over the course of seven years" was not unusual or indicative of presale notice); *Deras v. Volkswagen Grp. of Am., Inc.*, 2018 WL 2267448, at *4 (N.D. Cal. May 17, 2018) (holding that 56 complaints to NHTSA "does not on its face indicate an unusually high number of complaints" and therefore does not show pre-sale knowledge of the alleged defect); *Dawson v. Gen. Motors LLC*, Civ. No. 19-8680, 2019 WL 3283046, at *6 (D.N.J. July 22, 2019) (holding that 100 instances of alleged failures over several years could not establish pre-sale knowledge).

Second, pre-sale knowledge is also not established by the CAC's vague and conclusory allegations about various forms of "pre-release testing" and through

warranty claims Defendants "likely" received (CAC ¶¶ 95-102, 111-12). The CAC alleges no such testing or warranty claims with respect to SOA, and, in fact, SOA did not conduct any testing or issue any written consumer warranties concerning Plaintiff's vehicle (Gray Dec. ¶¶ 5-6). And the allegations themselves are fatally deficient anyway, since they fail to plead the required facts regarding the specific time, details, and results of any purported pre-production testing or warranty claims. *Cummings v. FCA US, LLC*, 401 F. Supp. 3d 288, 308-09 (N.D.N.Y. 2019) ("[T]he mere existence of testing, without any allegations as to what that testing revealed, does not plausibly suggest that Defendant was aware of the alleged defect"); *Brown v. Hyundai Motor Am.*, 2019 WL 4126710, at *7 (D.N.J. Aug. 30, 2019) (rejecting pre-sale knowledge based upon conclusory allegations of "dealership repair records," "warranty and post-warranty claims," and "internal pre-sale durability testing"); *Schechter*, 2019 WL 3416902, at *8 (same).

Finally, Plaintiff's vague and conclusory allegations about purported unidentified and anonymous "comments" allegedly made on unidentified third-party "consumer forums, social media, and other sources on the internet" (CAC ¶ 108) are irrelevant to SOA. In fact, the only two internet postings cited in the CAC do not even involve a 2019 Toyota 86 vehicle (¶¶ 109, 110). Moreover, courts have routinely held that "consumer complaints on third-party websites are insufficient to support a manufacturer's knowledge of an alleged defect" in any event. *Schechter*,

2019 WL 3416902, at *6; *see also Oliver v. Funai Corp.*, 2015 WL 9304541, at *4 (D.N.J. Dec. 21, 2015) (plaintiff cannot plead knowledge of a defect based upon anonymous "internet postings" on third-party websites); *Resnick v. Hyundai Mot. Am., Inc.*, 2016 WL 9455016, at *13-14 (C.D. Cal. Nov. 14, 2016) (same).

Accordingly, the common law and statutory fraud by omission claims should also be dismissed against SOA.

### E.    Plaintiff Cannot Assert Class Action Claims Under the ADTPA

The ADPTA prohibits Plaintiff from proceeding with consumer fraud claims on a class action basis. Ark. Code Ann. § 4-88-113(f)(1)(B) ("A private class action under this subsection is prohibited unless the claim is being asserted for a violation of Arkansas Constitution, Amendment 89"). This is a substantive component of Arkansas state law, controlling in federal court and warranting dismissal of the ADTPA class claims. *In re Effexor Antitrust Litig.*, 357 F. Supp. 3d 363, 387-89 (D.N.J. 2018) (giving effect to similar class action bar incorporated in TN consumer protection statute); *In re Lipitor Antitrust Litig.*, 336 F. Supp. 3d 395 (D.N.J. 2018) (dismissing consumer class claims under the Alabama, Georgia and Tennessee consumer fraud statutes because of their similar "specific inclusion of the class action bar"); *In re Generic Pharm. Pricing Antitrust Litig.*, 368 F. Supp. 3d 814, 843-44 (E.D. Pa. 2019) (dismissing class claims because "class action bar provisions specifically included in the Montana and South Carolina consumer protection laws

reflect a substantive policy choice"); *In re Myford Touch Consumer Litig.*, 2016 WL 7734558, at *27 (applying class action bar included in Colorado consumer protection statute as "a substantive policy judgment as to the area of the law by the legislature, not a rule of general procedure").

## VI.    ALL CLAIMS FOR EQUITABLE RELIEF (INCLUDING INJUNCTIVE RELIEF) SHOULD BE DISMISSED

The CAC asserts equitable relief claims of unjust enrichment (Counts III and X), and, in connection with her ADTPA claim (Count IV), injunctive relief for an "order enjoining Defendants' unfair and/or deceptive acts or practices" (CAC ¶ 233).

At the outset, all equitable relief claims should be dismissed because the CAC does not even allege, let alone establish, that Plaintiff lacks any adequate alternative remedy at law—a fundamental requirement for equitable relief. *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 840 (9th Cir. 2020) (affirming dismissal of all equitable relief claims for failure to plead the absence of any adequate alternative remedy legal remedy); *Rains v. Jaguar Land Rover N. Am., LLC*, 2023 WL 6234411, at *8 (D.N.J. Sept. 26, 2023) (applying *Sonner* and dismissing claims for equitable and injunctive relief in automotive class action where pleading "lack[ed] any allegations as to why legal relief is inadequate"); *Hickman v. Subaru of Am., Inc.*, 2022 WL 11021043, at *11 (D.N.J. Oct. 19, 2022) (same, dismissing claims to equitable relief where "the pleading does not demonstrate the inadequacy of a legal remedy"); *In re Subaru Battery Drain Prod. Liab. Litig.*, 2021 WL 1207791, at *28

(D.N.J. Mar. 31, 2021) (dismissing claims to equitable and injunctive relief under *Sonner*); *Whitaker v. Herr Foods, Inc.*, 198 F. Supp. 3d 476, 496 (E.D. Pa. 2016) (injunctive relief unavailable where plaintiff has an adequate remedy at law).

In addition, Plaintiff lacks Article III standing to assert claims for injunctive relief. *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983); *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2208 (2021). To satisfy such standing requirements, Plaintiff was required to allege a *future* injury that is "concrete and particularized" and "imminent." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *TransUnion LLC*, 141 S. Ct. at 2208-10. Allegations of past injury or "possible future injury" are insufficient. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013); *McNair v. Synapse Grp. Inc.*, 672 F.3d 213, 223 (3d Cir. 2012).

But here, Plaintiff's injunctive relief claim is premised solely upon alleged past injury – *i.e.*, that she was misled into purchasing a vehicle that contained the alleged undisclosed defect (CAC ¶ 23). Since Plaintiff does not and cannot allege that she will purchase a putative class vehicle in the future, or that she will suffer *any* future injury for that matter, her injunctive relief claim should be dismissed. *Id.*; *McNair*, 672 F.3d at 223 (no Art. III standing for injunctive relief where there was "no reasonable likelihood that [plaintiffs] will be injured by [the alleged deceptive sales] techniques in the future"); *Devane v. Church & Dwight Co.*, 2020 WL 998946, at *4 (D.N.J. Feb. 28, 2020) (no Art. III standing for injunctive relief where plaintiffs

26

were already aware that of the alleged issue and there was "no risk that Plaintiffs will be misled in the future"); *In re Johnson & Johnson Talcum Powder*, 903 F.3d 278, 292 (D.N.J. 2018) (same); *Tawil v. Illinois Tool Works, Inc.*, 2016 WL 4260791, at *6-7 (D.N.J. Aug. 11, 2016) (same).

Finally, Plaintiff's unjust enrichment claim also fails for two additional reasons. First, her purchase of a used Toyota vehicle from an independent used car dealer did not confer a direct benefit upon SOA, which is required under Arkansas law. *Schmidt v. Ford Motor Co.*, 972 F. Supp. 2d 712, 721-22 (E.D. Pa. 2013) (applying Arkansas law; "indirect benefits bestowed by third parties will not support a claim for unjust enrichment"). Second, the unjust enrichment claim is predicated upon the same deficient allegations as the statutory and common law fraud claims, and thus fails for the same reasons. *Flynn-Murphy v. Jaguar Land Rover N. Am., LLC*, 2021 WL 5448716, at *9 (D.N.J. Nov. 19, 2021) (dismissing unjust enrichment claims predicated upon the same insufficient allegations underlying the fraud-based claims); *Argabright*, 201 F. Supp. 3d 578, 613 (D.N.J. 2016) (same); *Girard v. Toyota Motor Sales, U.S.A., Inc.*, 316 F. App'x. 561, 563 (9th Cir. 2008).

## VII.  PLAINTIFF'S "NATIONWIDE" CLASS CLAIMS (COUNTS I – III) SHOULD BE DISMISSED OR STRICKEN FOR LACK OF STANDING

In Counts I-III, Plaintiff purports to assert various representative claims on behalf of a putative "nationwide" class of all U.S. purchasers and lessees of subject

27

vehicles. However, since Plaintiff resides and purchased her vehicle in Arkansas, she lacks standing to assert claims on behalf of unnamed persons or entities in any other states, since she suffered no injury there. *Ponzio v. Mercedes-Benz USA, LLC*, 447 F. Supp. 3d 194, 223-24 (D.N.J. 2020) (dismissing all multi-state and "nationwide" claims to the extent they encompassed states other than those in which the named plaintiffs resided or purchased their vehicles); *McGuire v. BMW of N. Am., LLC*, 2014 WL 2566132, at *6 (D.N.J. June 6, 2014) ("Plaintiff here lacks standing to assert claims under the laws of the states in which he does not reside, or in which he suffered no injury"); *Rieger v. Volkswagen Grp. Of Am., Inc.*, 2023 WL 3271116, at *5 (D.N.J. May 4, 2023) (same, dismissing all "nationwide" claims on standing grounds).

Accordingly, Plaintiffs' purported "nationwide" class claims in Counts I-III should be dismissed or stricken.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendant Subaru of America, Inc. respectfully requests that its Motion to Dismiss the CAC be granted in its entirety, together with such other and further relief as the Court deems just and proper.

November 1, 2024                    SHOOK, HARDY & BACON L.L.P.

                                    By: */s/ Homer B. Ramsey*
                                    Homer B. Ramsey
                                    *hramsey@shb.com*
                                    Michael B. Gallub (*Pro Hac Vice*)
                                    *mgallub@shb.com*
                                    Daniel W. Robertson (*Pro Hac Vice*)
                                    *drobertson@shb.com*
                                    101 Hudson Street, 21st Floor
                                    Jersey City, NJ 07302
                                    Tel: (201) 660-9995

                                    *Attorneys for Defendant Subaru of America, Inc.*